**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Supreme Court**

Ex Parte: South Carolina Commission on Indigent Defense, Respondent,

In Re: The State, Respondent,

v.

Kenneth Henry Eastwood, Appellant.

Appellate Case No. 2024-000583

Appeal From Orangeburg County
Maite Murphy, Circuit Court Judge

Memorandum Opinion No. 2025-MO-043
Heard September 23, 2025 – Filed November 19, 2025

**AFFIRMED**

Ashley B. Cornwell, of Cornwell Law Firm, LLC, of Mount Pleasant, for Appellant.

Executive Director James Hugh Ryan, III and Deputy Director and General Counsel Hervery B. O. Young, both of Columbia, for Respondent South Carolina Commission on Indigent Defense.

Attorney General Alan McCrory Wilson and Senior Assistant Deputy Attorney General Melody Jane Brown, both of Columbia, for Respondent The State of South Carolina.

---

**PER CURIAM:**  Kenneth Henry Eastwood appeals the trial court's ruling that he is not entitled to reimbursement from the Commission on Indigent Defense for expert witness expenses incurred for his murder trial.  We affirm.

In order to fulfill this State's constitutional duty to provide legal defense for individuals who are unable to provide for themselves, our legislature enacted the South Carolina Defense of Indigents Act[1] (the Act).  With section 17-3-50 and Provisos 61.1 and 61.4 of the yearly Appropriations Acts,[2] the legislature designed ex parte proceedings for indigent defendants to request expert fees.  It further empowered this Court to establish rules and regulations for the proper administration of the Act.  § 17-3-110.  This Court did so through Rule 602 of the South Carolina Appellate Court Rules and an order setting forth the procedures for processing indigent defense vouchers, 2006-09-29-01 (S.C. Sup. Ct. Order dated September 29, 2006) (Voucher Order).  The legislature also enabled the Commission to develop policies and procedures to carry out the Act. §§ 17-3-310(G)(2) & -340(I).  Similarly, in the Voucher Order, this Court authorized the Commission to establish additional procedures for the electronic award of fees and costs, subject to the Chief Justice's approval.

The Voucher Order requires counsel to register online with the Commission within fifteen days of appointment to the case.  Upon appointment and registration, counsel is entitled to reasonable costs under section 17-3-50 and must submit vouchers to the Commission.  The Voucher Order provides that when the Office of Indigent Defense objects to a voucher request, it "shall notify the trial court and counsel of any objection and shall forward any necessary materials to the trial court in writing or electronically."  It further authorizes the trial court to "determine the matter with or without a hearing, as may be appropriate, or upon the submission of written materials."

---

[1] S.C. Code Ann. §§ 17-3-5 to -600 (2014 & Supp. 2025).
[2] The Appropriations Act in effect at the relevant time was the 2023-2024 Appropriations Act, H.4300, 125th, Leg. 1st Reg. Sess. (S.C. 2023).

The Commission's Voucher Payment Policy (the Policy)[3] acknowledges that section 17-3-50 and Provisos 61.1 and 61.4 require the trial court to provide prior written approval for expert witness expenses before the Commission can pay them. The Policy requires the attorney to submit the funding order to the Commission within fifteen days of the date of the order and before the expenses are incurred. It further states that if the Commission determines the voucher is not in order, it will notify the trial court and counsel of its objection in writing or electronically. The Commission "will then pay such amount as the trial court may authorize."

Eastwood contends the Commission's procedures for reviewing voucher requests do not apply when the trial court has issued a funding order from an ex parte proceeding. As Eastwood points out, the Voucher Order provides "Nothing herein shall preclude the trial court from taking immediate action on ex parte requests for fees and costs during the pendency of a case as may be authorized by statute or court rule." However, neither this Court's nor the Commission's procedures contradict this provision. Indigent defendants still must present voucher requests for expert witness fees to the trial court. Then, as the legislature specifically required, defendants must submit the court-approved vouchers to the Commission for its review pursuant to the Commission's procedures and policies. *See* Proviso 61.1 ("Indigent defense vouchers authorized in this provision must be reviewed and paid pursuant to procedures and policies established by the Commission on Indigent Defense."). As the Policy explains, "Submission of the funding order prior to the expenses being incurred will allow SCCID to address any issues with the Order prior to the attorney or service providers incurring any costs."

The procedures this Court and the Commission developed for the Commission to conduct its statutorily-mandated review of vouchers do not set a time limit for the Commission's objections nor do they require the objections to be in the form of a motion. Instead, the Commission must relay its objections to the trial court in writing or by e-mail. Here, the Commission's December 20, 2023, letter to the trial court followed those procedures. Therefore, we hold that the Commission sufficiently conveyed its objections to the Funding Orders to the trial court, and the trial court had jurisdiction to consider those objections.

---

[3] SC Commission on Indigent Defense Voucher Payment Policy (February 26, 2021) https://www.scstatehouse.gov/reports/CommOnIndigentDefense/SCCID%20Voucher%20Payment%20Policy-Rev2021%20(Final).pdf.

In addition, we hold the trial court correctly found Eastwood failed to adhere to the Policy in seeking payment for the expert witness fees.  The Policy requires defendants to submit funding orders to the Commission within fifteen days of the trial court signing them.  Here, the trial court issued the Funding Orders on October 13, 2023, and November 2, 2023.  It tried the case on November 8-9, 2023.  Eastwood did not submit the Funding Orders to the Commission until December 12, 2023.  Eastwood does not challenge the trial court's finding that his failure to follow the Policy prevents him from being able to compel the Commission to pay the expert witness fees.  Accordingly, we affirm the trial court's ruling that the Commission was not in contempt for failing to remit the expert funding.[4]

**AFFIRMED.**

**KITTREDGE, C.J., FEW, JAMES, HILL and VERDIN, JJ., concur.**

---

[4] To the extent Eastwood raises a constitutional issue, we hold he was not deprived of any constitutional right as the expert witnesses did, in fact, testify at his trial.